IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 0:04-465-JFA |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT ANTHONY LAND, JR. | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court upon motion of the defendant for a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 750 of the United States Sentencing Guidelines, the Fair Sentencing Act (FSA) and the recent Supreme Court decision in *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (June 21, 2012). For the reasons which follow, the motion is denied.

On June 9, 2006, the defendant was sentenced to 240 months imprisonment after pleading guilty to conspiracy to distribute 5 kilograms of cocaine and 50 grams or more of cocaine base (or crack) in violation of 28 U.S.C. § 841(b). These drug amounts were stipulated to by the defendant in his plea agreement. In addition, the defendant stipulated to a base offense level of 38 which was reduced 3 levels for acceptance of responsibility. The defendant's sentence was based on this adjusted offense level of 35 and criminal history category of II. Because the defendant had a prior felony conviction (which he stipulated to in his plea agreement under 18 U.S.C. § 851), the statute at the time of his conviction under § 841 dictated a mandatory minimum sentence of 240 months. Had the defendant not been

1

subject to the statutory mandatory minimum due to his prior felony conviction, his guideline sentence range would have been 188 to 235 months.

On October 14, 2009, the government moved for a four-level reduction in the defendant's sentence under Rule 35(b) of the Federal Rules of Criminal Procedure. The analogous offense level of 36 was reduced to level 32.[1] With a criminal history category of II, this produced an amended guideline range of 135 to 168 months. The court granted the Rule 35 motion and reduced the defendant's sentence to 135 months.

The defendant now seeks a reduction of his sentence, by way of a motion under 28 U.S.C. § 3582, pursuant to Amendment 750. The defendant contends that at the time of sentencing, the parties stipulated to a base offense level of 38 in the plea agreement, but that the Presentence Report (PSR) only held the defendant accountable for over 50 grams or more of crack cocaine.

Section 3582(c)(2) provides that when a defendant's sentencing range has been lowered by the Sentencing Commission under the guidelines, the court may reduce the term of imprisonment after considering the factors set forth in Section 3553(a), and if such a reduction is consistent with the applicable policy statements of the Sentencing Commission.

Part A of Amendment 750 altered the offense levels in U.S.S.G. § 2D1.1 applicable to crack cocaine offenses. The Fair Sentencing Act of 2010—which statutorily changed the threshold quantities of crack cocaine that trigger mandatory minimum sentences under 21

---

[1] The "analogous offense level" of 36 is the corresponding offense level in the Guidelines which incorporates the 240-month mandatory minimum sentence.

USC § 841(b)—directed the Sentencing Commission to lower these offense levels, thus Amendment 750 became effective on November 1, 2011, and was made retroactive. It provides a two-level reduction in the offense level and applies to eligible defendants who were sentenced for crack offenses under the Guidelines and who are not subject to statutory mandatory minimum sentences. In *Dillon v. United States*, 130 S. Ct. 2682 (2010), the Supreme Court explained that under § 3582, "Congress intended [a Section 3582 motion] to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing hearing."

The defendant's original guideline range was 188 to 235 months under § 2D1.1 and other provisions. However, as a result of his prior felony conviction, the defendant faced a mandatory minimum sentence of 240 months. Section 5G1.1(b) of the Guidelines provides that where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily minimum sentence shall be the guideline sentence. In other words, the statute trumps the Guidelines. Here the mandatory minimum of 240 months exceeded the range of 188 to 235 months, so the sentence became 240 months.

In calculating the proposed sentencing range to determine applicability of Amendment 750, the court looked at the following factors. First, the drug quantity originally adopted by the court was 5 kilograms or more of powder cocaine *and* 50 grams or more of crack cocaine. The defendant's amended total offense level was 29, arrived at by taking the analogous offense level of 36 minus 4 (for the Rule 35 departure) for a total of 32, minus 3 (for

acceptance of responsibility) for a total of 29. With an amended offense level of 29 and a criminal history category of II, the amended guideline range is 135 to 168 months— the same guideline range that was used when the defendant's sentence was reduced on October 16, 2009 after the Rule 35 reduction. Because there was no change in the defendant's guideline range, Amendment 750 is not applicable to the defendant.

With regard to the Fair Sentencing Act of 2010, the inclusion of Amendment 750 (parts A and D) in the Act only allows the *guideline* changes to be considered for retroactive application; it does not make any of the statutory changes in the FSA retroactive. The mandatory minimum provisions of the statute under which the defendant was sentenced remain applicable to the defendant because he was sentenced before August 3, 2010, the date the FSA was enacted. In other words, only those defendants whose offenses occurred before August 3, 2010 and who were sentenced *after* August 3, 2010, may be eligible for consideration of a change in the statutory mandatory minimum. The Supreme Court clarified this matter in *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (June 21, 2012). Amendment 750 was made retroactive only to the offense levels for crack cocaine offenses. It did not change the statutory mandatory minimum, nor did it make the statutory changes in the FSA retroactive.

Further, the government points out that if Amendment 750 had been in effect at the time of the defendant's original sentencing, the mandatory minimum still would have controlled, and the defendant would have arrived at the sentencing hearing with the same

guideline range, that is, the mandatory minimum sentence of 240 months. Even with a Rule 35 substantial assistance reduction, such is not a full resentencing where the guideline calculations underlying the original sentence may be revisited. The statutory mandatory minimum provisions applicable to a defendant sentenced before August 3, 2010 do not change.

For the foregoing reasons, the defendant's motion (ECF No. 135) is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 6, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge